827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MONTGOMERY ELEVATOR CO. and International Union of Elevator
Constructors, AFL- CIO, Respondents.
 No. 86-5641.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1987.
 
 Before CORNELIA G. KENNEDY, RYAN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This matter is before us upon the application of the National Labor Relations Board to enforce its order finding that Montgomery Elevator Co. and the International Union of Elevator Constructors engaged in unfair labor practices with respect to D. Webb Robbins, a former employee of the company and a former member of the union. The union contests the order sought to be enforced.
 
 
 2
 The controversy before us turns on the credibility of testimony given by Robbins before the Administrative Law Judge, since his testimony, if believed, unquestionably supports the recommendations of the ALJ and the order of the Board. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); NLRB v. Local 299, International Brotherhood of Teamsters, 782 F.2d 46, 49 (6th Cir.1986).
 
 
 3
 We have thoroughly reviewed the record of the hearing and the decision of the Administrative Law Judge, and conclude that the ALJ's specific findings of credibility and findings of fact are supported by the record.
 
 
 4
 In addition to Robbins' testimony having been corroborated in some instances by other witnesses, and in others partially corroborated even by the union and company witnesses who sought to deny statements Robbins attributed to them, his version of the facts is tellingly corroborated by important circumstantial evidence.
 
 
 5
 For example, from the fact that he was terminated, not merely demoted, an inference may be drawn that he was the victim of the union-company conspiracy that he said existed. The company's action, taken after it had for so long protected Robbins' status as a temporary mechanic, but immediately after a meeting at company headquarters between top management and union officials when management was admittedly made aware of Robbins' non-membership in the union, is circumstantial evidence that the union pursued the termination of Robbins because of his non-membership and that the company acceded to the request. In addition, there was evidence of disparate treatment by the union of other helpers who were permitted to continue as temporary mechanics, but, unlike Robbins, were members of the union.
 
 
 6
 Accordingly, the order of the National Labor Relations Board is ENFORCED.
 
 
 7
 RYAN, Judge, dissenting.
 
 
 8
 I disagree that there is substantial evidence to support the administrative law judge's decision to credit the testimony of the employee D. Webb Robbins, who claimed he was threatened and laid off because of his nonmembership in the defendant union. Because the evidence that the union committed the charged unfair labor practices is insubstantial, enforcement of the National Labor Relations Board order against the union should be denied.
 
 
 9
 There is no question but that Robbins' testimony, if credited, establishes the violations that were found. The only issue is whether the ALJ was presented with substantial evidence upon which to credit Robbins' testimony.
 
 
 10
 In Carrier Corp. v. NLRB, 768 F.2d 778, 782 (6th Cir.1985), we said:
 
 
 11
 As we recognized many times, "[t]he credibility determinations made by the administrative law judge and adopted by the Board are entitled to great weight." Kusan Manufacturing Co. v. NLRB, 749 F.2d 362, 366 (6th Cir.1984) (citations omitted). See also NLRB v. Norbar, Inc., 752 F.2d 235, 241 (6th Cir.1985). Moreover, the administrative law judge and the Board "can credit parts of a given witness's testimony, while discrediting other parts."
 
 
 12
 On the other hand, this court is obligated to scrutinize credibility determinations that are cast into doubt by the record itself:
 
 
 13
 A reviewing court does not act, even in credibility matters, as a mere rubber stamp for the administrative agency action on appeal. Cross Co. v. N.L.R.B., 286 F.2d 799 (6th Cir.1961); Medline Ind., Inc. v. N.L.R.B., 593 F.2d 788, 795 (7th Cir.1979); Edgewood Nursing Center v. N.L.R.B., 581 F.2d 363, 365 (3d Cir.1978). As noted in Portable Electric Tools, Inc. v. N.L.R.B., 309 F.2d 423, 426 (7th Cir.1962) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 1456 (1951):
 
 
 14
 "If this Court ... is not to be 'merely the judicial echo of the Board's conclusion' then its determination must 'be set aside when the record ... clearly precludes the Board's decision from being justified by a fair estimate of the worth of the testimony of witnesses or its informed judgment on matters within its special competence or both.... The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.' "
 
 
 15
 Krispy Kreme Doughnut Corp. v. NLRB, 732 F.2d 1288, 1290 (6th Cir.1984).
 
 
 16
 There is striking and pervasive evidence in this record that Robbins' testimony contained a number of inconsistencies, including at least three substantive assertions that were contradicted by other witnesses, and at least one plain untruth.
 
 
 17
 The ordinary deference due an ALJ's credibility determinations is inappropriate here for the reason stated in Norbar, supra, and Delco Air Conditioning Division, General Motors Corp. v. NLRB, 649 F.2d 390 (6th Cir.1981). In the latter case, we held:
 
 
 18
 Although credibility determinations ordinarily are the prerogative of the Board, this court is unwilling to enforce a back pay award upon the uncorroborated testimony of [the employee] who would be the beneficiary of reinstatement and the back pay award.
 
 In a contemporaneous case, we stated:
 
 19
 The uncorroborated testimony of an interested, charging party does not amount to substantial evidence of an unfair labor practice.
 
 
 20
 NLRB v. Container Corp., 649 F.2d 1213, 1216 (6th Cir.1981).
 
 
 21
 While the foregoing rule is well-established, recent cases have added an important limitation to it:
 
 
 22
 The paradigmatic factual setting in which this principle has been invoked involves the testimony of an interested, charging party, who objectively has something to gain from a self-serving statement of the facts, which is directly contradicted by the testimony of disinterested witnesses; generally, in these cases the indicia of reliability are clearly weighted in favor of the contradicting witness.
 
 
 23
 Union Carbine Corp. v. NLRB, 714 F.2d 657, 662 (6th Cir.1983).
 
 
 24
 As we recently stated in Carrier Corp. v. NLRB, 768 F.2d 778, 782, n. 4 (6th Cir.1985), "For the holding of Delco to apply ... the employee's testimony must be both uncorroborated ... and uncontradicted."
 
 
 25
 My examination of the record satisfies me that essential testimony upon which Robbins relied in support of his claim against the company and the union, and upon which the NLRB relies to seek enforcement of its order, is both uncorroborated and contradicted.
 
 
 26
 I would deny enforcement of the NLRB order.